**B1 (Official Form 1) (12/11)**

| United States Bankruptcy Court<br>Eastern District of New York | | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Kaiser, Raymond C.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Ray Kaiser** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all):  **8011** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**23 Princess Tree Court**<br>**Port Jefferson, NY**<br>ZIPCODE **11777** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Suffolk** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**Eastern District New York**  ZIPCODE | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtor**
Country of debtor's center of main interests: ___

Each country in which a foreign proceeding by, regarding, or against debtor is pending: ___

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Kaiser, Raymond C.** | |
|---|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location <br> Where Filed:**None** | Case Number: | Date Filed: |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: <br> **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** <br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual <br> whose debts are primarily consumer debts.) <br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br> Signature of Attorney for Debtor(s)        Date |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? <br><br> ☐ Yes, and Exhibit C is attached and made a part of this petition. <br> ☑ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) <br><br> ☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition. <br><br> If this is a joint petition: <br><br> ☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition. |

| **Information Regarding the Debtor - Venue** <br> (Check any applicable box.) |
|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. <br><br> ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. <br><br> ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** <br> (Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) <br><br> _____ <br> (Name of landlord that obtained judgment) <br><br> _____ <br> (Address of landlord) <br><br> ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and <br><br> ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. <br><br> ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Kaiser, Raymond C.** |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br>(Check only one box.)<br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X /s/ Raymond C. Kaiser<br>　Signature of Debtor　　　　　　　　　**Raymond C. Kaiser**<br>X<br>　Signature of Joint Debtor<br><br>　Telephone Number (If not represented by attorney)<br><br>**May 18, 2015**<br>　Date | X _____<br>　Signature of Foreign Representative<br><br>　Printed Name of Foreign Representative<br><br>　Date |

| Signature of Attorney* | Signature of Non-Attorney Petition Preparer |
|---|---|
| X /s/ Kevin J. Nash<br>　Signature of Attorney for Debtor(s)<br><br>　**Kevin J. Nash**<br>　**Goldberg, Weprin, Finkel,**<br>　**Goldstein, L.L.P.**<br>　**1501 Broadway, 22nd Floor**<br>　**New York, NY 10036**<br>　**(212) 221-5700**<br>　**KNash@GWFGlaw.com**<br><br><br>**May 18, 2015**<br>　Date<br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>　Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>　Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>　Address |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>　Signature of Authorized Individual<br><br>　Printed Name of Authorized Individual<br><br>　Title of Authorized Individual<br><br>　Date | X _____<br>　Signature<br><br>　Date<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Eastern District of New York

IN RE:                                                    Case No. _____

Kaiser, Raymond C.                                        Chapter **11**
_____
Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: */s/ Raymond C. Kaiser*  _____

Date: **May 18, 2015** _____

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 02114-FLM-CC-025512375



02114-FLM-CC-025512375

# CERTIFICATE OF COUNSELING

I CERTIFY that on May 08, 2015, at 06:14 o'clock PM EST, Raymond C Kaiser
received from Consumer Credit Counseling Service of Greater Atlanta d/b/a
ClearPoint Credit Counseling Solutions, an agency approved pursuant to 11 U.S.C.
§ 111 to provide credit counseling in the Middle District of Florida, an individual
[or group] briefing that complied with the provisions of 11 U.S.C . §§ 109(h) and
111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a
copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet.

Date: May 08, 2015                    By:   /s/Eric Dina

                                     Name:   Eric Dina

                                     Title:   Customer Service

*Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
code are required to file within the United States Bankruptcy Court a complete certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. See 11 U.S.C. §§ 109(h) and 521 (b).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                                          Chapter 11

Raymond C. Kaiser,                                              Case No.

                                    Debtor.
--------------------------------------------------------------x

## DEBTOR'S DECLARATION PURSUANT TO
## LOCAL BANKRUPTCY RULES

Raymond C. Kaiser declares under penalties of perjury pursuant to 28 U.S.C. §

1746 as follows:

1.      I am the individual debtor herein, and as such I am familiar with the facts

and circumstances set forth herein.

2.      I submit this Declaration in accordance with Local Bankruptcy Rules in

support of my petition for relief under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code").

3.      There is no pending bankruptcy case against me, and the petition for

reorganization is filed as a voluntary Chapter 11 case.

## REORGANIZATION STRATEGY

4.      My decision to seek personal bankruptcy relief was not an easy one.

However, at the age of 85, I find myself subject to a crippling personal judgment of allegedly

more than $11 million emanating out of a commercial development, located north of Atlanta,

Georgia, known as "The Business Commons at Johns Creek" (the "Johns Creek Project").

5.      Entered in December, 2012, the judgment is no longer correct and must be

reduced significantly in light of subsequent executions in which the judgment creditor, Rialto

Capital Management LLC ("Rialto Capital"), received the benefit of sizable recoveries through

foreclosure sales and other collections. The post-judgment foreclosure recoveries constitute an offset and credit against the original judgment amount. Moreover, the credits should be based upon the fair market value of the assets that were foreclosed upon after a proper accounting and determination of the assets' true fair market value.

6.    The central goal of this Chapter 11 case is to utilize the provisions of the Bankruptcy Code to reduce the amount of the judgment to take into account the judgment creditor's subsequent recoveries, based upon the fair market value of the assets involved. Once a proper balance is struck, I will be in a position to formulate a viable plan of reorganization to address any residual liability.

7.    I also envision that the Chapter 11 will provide me with an opportunity to pursue claims against Rialto Capital arising out of a series of broken commitments, made post-judgment, by Michael Yaffe and others, that I would have the opportunity to effectively "buy-back" my foreclosed assets. Acting on these commitments, I pursued financing to reacquire my assets, only to learn that Rialto Capital reneged and refused to resell the assets back to me.

8.    Rialto Capital's decision was likely prompted by the fact that the value of the foreclosed assets continued to increase. Whether or not I can compel a resale of my assets remains to be seen, but the point to emphasize is that the judgment obtained by Rialto Capital in October, 2012 has been substantially reduced, if not effectively satisfied, by the subsequent receipt and disposition of valuable collateral.

## EVENTS LEADING TO THE CHAPTER 11 FILING

### (A)    The Johns Creek Project

9.      I was a successful developer and contractor for many years. In 2008, I completed construction of the Johns Creek Project after obtaining financing from Bank of North Georgia, aggregating approximately $7.0 million under various notes. The Property is situated on 11.6 acres of land in the Atlanta suburbs, located at 3965 and 3985 Lakefield Court in Johns Creek, Georgia (the "Property").

10.     The Property was developed to include two office/warehouse buildings, containing a total of approximately 145,788 square feet of leasable space. The Property was owned by my affiliated companies, Kaiser Development Corporation and Equestrian Estates 2005 LLC, which are the direct borrowers under the mortgage loans. I personally guaranteed the mortgage loans.

11.     Due to adverse market conditions the initial leasing activity at the Property was slower than anticipated, and the Property initially generated a NOI of about $360,000 per year.

12.     In 2010, the Bank of North Georgia sold the mortgage notes to a special purpose entity known as RREF SNV Acquisitions, LLC organized by Rialto Capital. I negotiated a forbearance agreement with Rialto Capital in or about August, 2012. The forbearance agreement led to the dismissal of an earlier Chapter 11 case filed by Kaiser Development Corporation in the Northern District of Georgia.

13.     However, market conditions did not improve quickly enough to allow me to refinance the indebtedness. Rialto Capital declared a default under the forbearance agreement, and then proceeded with a foreclosure sale of the Property in early 2013 pursuant to a Deed of

3

Trust and accompanying notice.  At the foreclosure sale, Rialto Capital bid $3.5 million for the Property without any competitive bidding.

14.    In reality, the Property had a far greater fair market value. For example, it was appraised for $7.7 million by Carr, Lawson, Cantrell & Associates on April 6, 2012.

15.    A new tenant was subsequently procured, which increased the Property's NOI to approximately $661,000 per year.  This further enhanced the Property's fair market value to approximately $9,093,173.

16.    As events unfolded, Rialto Capital foreclosed the Property while its value was rising to at least $9 million by mid-2014.  Nevertheless, Rialto Capital continued to seek enforcement of the judgment in the original amount of $11,574,017 (even though it was obtained in Georgia on December 4, 2012 in Georgia prior to the ensuing foreclosure sales).

### (B)    Receipt of Other Collateral

17.    Rialto Capital also received additional collateral pursuant to the forbearance agreement.  These properties were likewise "foreclosed-out" by Rialto Capital, which again failed to provide me with an accounting or a reduction in the judgment amount.

18.    Specifically, Rialto Capital received a mortgage relating to a retail shopping center in Haverstraw, NY (Z&Z West Haverstraw Shopping Center Corp.).  This property was eventually sold by Rialto Capital on August 5, 2014 for $1,106,910, without providing me with any reduction in the judgment.  I was promised a credit of at least $680,000 after payment of taxes, but Rialto Capital reneged on this commitment as well.

19.    Additionally, Rialto Capital received a subordinate mortgage with respect to another office/warehouse project in Odessa, Florida.  During the ensuing Florida foreclosure with respect to this property, Rialto Capital "bid in" the mortgage for one ($1) dollar, without

4

providing me with an accounting or credits. It is also noteworthy that Rialto Capital received payments from the Receivers involved with the foreclosed properties of approximately $1 million. These payments have never been accounted for by Rialto Capital, and constitute a further source of credits.

20.    When the dust settles, I am confident that the judgment will be greatly reduced, allowing me to address any residual liability from my remaining assets. As noted in the accompanying schedules, I still retain several assets which can be financed or marketed in Chapter 11, to address whatever allowed.

21.    In the interim, I am prepared to develop a viable cash collateral budget with Rialto Capital and its attorneys and will work in good faith to obtain proper reconciliations.

22.    A complete listing of my assets, liabilities and living expenses is set forth in the various schedules accompanying this petition.

23.    I am recovering from surgery so my income is limited, consisting primarily of social security. I maintain a personal residence in Florida, but I am currently staying in the New York area, while I receive extensive medical treatment.

24.    My place of business is located in Queens, New York which is also the location of my most valuable remaining assets. Hence, the Eastern District of New York has been established as the venue for my Chapter 11 case.

Dated: May 18, 2015

/s/ Raymond C. Kaiser

x:\gwfg\new data\yen\word\kaiser, ray (kaiser development inc)\local rule affidavit 05-18-15 (v1).doc

5

## United States Bankruptcy Court
### Eastern District of New York

IN RE:                                                Case No. _____

Kaiser, Raymond C.                                    Chapter **11** _____
_____
                    Debtor(s)

### LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| RREF SNV Acquisitions, LLC<br>C/O Abbott Bushlow & Schechner LLP<br>70-11 Fresh Pond Road<br>Ridgewood, NY  11385 | | Mortgage guaranty | Unliquidated<br>Disputed | 11,574,017.98 |
| JP Morgan Chase Bank<br>8298 Ridge Road<br>Port Richey, FL  34668 | | Home Equity Line of Credit | | 250,000.00<br>Collateral:<br>139,000.00<br>Unsecured:<br>250,000.00 |
| Marilyn Kaiser<br>23 Princess Tree Court<br>Port Jefferson, NY  11777 | | Alimony | | 30,720.00 |
| Pasco County Tax Collector<br>P.O. Box 276<br>Dade City, FL  33526-0276 | | Taxes | Unliquidated | 160,000.00<br>Collateral:<br>139,000.00<br>Unsecured:<br>21,000.00 |

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: **May 18, 2015** _____     Signature   */s/ Raymond C. Kaiser* _____
                                         of Debtor                                        Raymond C. Kaiser

Date: _____           Signature _____
                                         of Joint Debtor
                                         (if any)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22B (Official Form 22B) (Chapter 11) (12/10)

In re: **Kaiser, Raymond C.**
_____
                    Debtor(s)

Case Number: _____
                    (If known)

# CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] · Forms Software Only

| Part I. CALCULATION OF MONTHLY INCOME | | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ Married, not filing jointly. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>c. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's<br>Income | **Column B**<br>Spouse's<br>Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |
| 3 | **Net income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.<br><br>a. Gross receipts — $<br>b. Ordinary and necessary business expenses — $<br>c. Business income — Subtract Line b from Line a | $ | $ |
| 4 | **Net rental and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero.<br><br>a. Gross receipts — $ 10,136.00<br>b. Ordinary and necessary operating expenses — $ 1,667.00<br>c. Rent and other real property income — Subtract Line b from Line a | $ 8,469.00 | $ |
| 5 | **Interest, dividends, and royalties.** | $ | $ |
| 6 | **Pension and retirement income.** | $ 1,697.00 | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |

B22B (Official Form 22B) (Chapter 11) (12/10)

| | | | | |
|---|---|---|---|---|
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act      Debtor $ _____      Spouse $ _____ | | $ | $ |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. _____ $ _____<br>b. _____ $ _____ | | $ | $ |
| 10 | **Subtotal of current monthly income.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | $ 10,166.00 | $ |
| 11 | **Total current monthly income.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $ | 10,166.00 |

## Part II. VERIFICATION

| | |
|---|---|
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: **May 18, 2015**      Signature: **/s/ Raymond C. Kaiser**<br>                                                                    (Debtor)<br><br>Date: _____      Signature: _____<br>                                                                    (Joint Debtor, if any) |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## Eastern District of New York

IN RE:                                                          Case No. _____

Kaiser, Raymond C.                                             Chapter 11
_____
                    Debtor(s)

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $  4,394,000.00 | | |
| B - Personal Property | Yes | 3 | $  5,678,015.14 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $  460,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $  30,720.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $  11,574,017.98 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $  10,166.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $  8,709.00 |
| TOTAL | | 14 | $  10,072,015.14 | $  12,064,737.98 | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Eastern District of New York

IN RE:                                                            Case No. _____

Kaiser, Raymond C.                                               Chapter 11
_____
                    Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 5) | | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kaiser, Raymond C. _____     Case No. _____
                        Debtor(s)                                                    (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| (1) 100% ownership of 10 Co-op apartments located at 71-36 110th Street, Queens, NY (The Gregory Apartments - 71-36 Ownership Corp.) (Apt. Nos. 1K, 2F, 2J, 2L, 4D, 4L, 5J, 7A, 7G and 7H) | Co-op ownership | | 2,200,000.00 | 50,000.00 |
| (2) 100% ownership of 8150 Brent Street, Port Richey, FL (Florida residence) | Fee Simple | | 139,000.00 | 410,000.00 |
| (3) 100% ownership of Industrial Building (19,000 sq. ft.) located at the Ashton Road Industrial Park, Sarasota, Florida | Fee Simple | | 800,000.00 | 0.00 |
| (4) 50% ownership of commercial property located at 48-99 Merrick Road, Massapequa, NY (three retail stores) | Tenancy in Common with Lauren Rosen Trust | | 650,000.00 | 0.00 |
| (5) 50% ownership of 1 acre of vacant land in Brooksville, FL | Tenancy in Common with Lakewood Acres Pension Fund | | 55,000.00 | 0.00 |
| (6) 50% ownership of three vacant lots in Aripeka, FL | Tenancy in Common with Paula Paxton | | 450,000.00 | 0.00 |
| (7) 50% ownership of six (6) lots in Haywood County, North Carolina | Tenancy in Common with Paula Paxton | | 100,000.00 | 0.00 |

TOTAL  4,394,000.00

(Report also on Summary of Schedules)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kaiser, Raymond C. _____    Case No. _____
                        Debtor(s)                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank of America** **Account No. xxx-xxx-6574** | | 3,500.00 |
| | | **JPMorgan Chase Bank** **Account No. xxxxx589** | | 20,070.00 |
| | | **Morgan Stanley** **Account No. xxx-xxxxxx-057** | | 63,988.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **Miscellaneous household goods** | | 2,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Men's wearing apparel** | | 1,000.00 |
| 7. Furs and jewelry. | | **Miscellaneous men's jewelry of no substantial value.** | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **General American life insurance policy (cash surrender value)** | | 259,957.14 |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE Kaiser, Raymond C. _____    Case No. _____
                    Debtor(s)                                        (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | | Kaiser Development Corp. (100% shareholder) which owns 72 acres of land near Jacksonville, FL and 320 acres of subdivided land in Ocala, FL. | | 2,000,000.00 |
| | | Reiner Kaiser Associates (50% partner) which owns as sponsor the commerical units at 1 Station Square, Forest Hills, NY 11375 plus two residential apartments. | | 3,000,000.00 |
| | | Wurtsboro Plaza, Inc.(50% shareholder), which owns retail strip shopping center in Wurtsboro, NY. | | 300,000.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | Cadillac (8 years old) | | 3,000.00 |
| | | Lexus (15 years old) | | 1,000.00 |
| | | Mercedes (12-15 years old) | | 3,000.00 |
| 26. Boats, motors, and accessories. | | Sailboat (36 feet) | | 10,000.00 |
| 27. Aircraft and accessories. | | Piper Secena Twin Engine Propeller Plane | | 10,000.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kaiser, Raymond C. _____    Case No. _____
                              Debtor(s)                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 5,678,015.14 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

_____0 continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

B6C (Official Form 6C) (04/10)

IN RE Kaiser, Raymond C.          Case No. _____
           Debtor(s)                                       (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds $146,450. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| SCHEDULE B - PERSONAL PROPERTY | | | |
| Miscellaneous household goods | CPLR § 5205(a)(5) | 2,500.00 | 2,500.00 |
| Men's wearing apparel | CPLR § 5205(a)(5) | 1,000.00 | 1,000.00 |
| General American life insurance policy (cash surrender value) | CPLR § 5205(l) | 259,957.14 | 259,957.14 |
| Cadillac (8 years old) | Debtor & Creditor Law § 282(1) | 2,400.00 | 3,000.00 |
| 8150 Brent Street, Port Richey, FL (Residence) | Florida Law | 139,000 | 139,000 |

* Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6D (Official Form 6D) (12/07)

IN RE Kaiser, Raymond C. _____    Case No. _____
_____
            Debtor(s)                                                           (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> JP Morgan Chase Bank <br> 8298 Ridge Road <br> Port Richey, FL 34668 | | | Home equity line of credit <br><br><br> VALUE $ 139,000.00 | | | | 250,000.00 | 250,000.00 |
| ACCOUNT NO. <br><br> Metro Management Development Inc. <br> 42-25 21st Street <br> Long Island City, NY 11101 | | | Co-op maintenance fees <br><br><br> VALUE $ 2,200,000.00 | | X | | 50,000.00 | |
| ACCOUNT NO. <br><br> Pasco County Tax Collector <br> P.O. Box 276 <br> Dade City, FL 33526-0276 | | | Real estate taxes <br><br><br> VALUE $ 139,000.00 | | X | | 160,000.00 | 21,000.00 |
| ACCOUNT NO. <br><br><br><br> | | | <br><br><br><br> VALUE $ | | | | | |

_____0_____ continuation sheets attached

                                       Subtotal <br> (Total of this page)    $ **460,000.00**   $ **271,000.00**

                                       Total <br> (Use only on last page)    $ **460,000.00**   $ **271,000.00**

                                       (Report also on <br> Summary of <br> Schedules.)      (If applicable, report <br> also on Statistical <br> Summary of Certain <br> Liabilities and Related <br> Data.)

IN RE Kaiser, Raymond C. _____   Case No. _____
_____
                        Debtor(s)                                                    (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☑ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ 2 continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10) - Cont.

IN RE Kaiser, Raymond C. _____    Case No. _____

Debtor(s)                                          (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Domestic Support Obligations
(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Marilyn Kaiser 23 Princess Tree Court Port Jefferson, NY  11777 | | | | | | | 30,720.00 | 30,720.00 | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. ___1___ of ___2___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Totals of this page) | $ 30,720.00 | $ 30,720.00 | $ |
| Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| Total (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10) - Cont.

IN RE Kaiser, Raymond C. _____    Case No. _____
                          Debtor(s)                                                      (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units
(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **Internal Revenue Service Centralized Insolvency Operations PO Box 7346 Philadelphia, PA  19101-7346** | | | For notice purposes only. | | X | X | **unknown** | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. ___2___ of ___2___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Totals of this page) | $ | $ |
| Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **30,720.00** | |
| Total (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **30,720.00** $ |

© 1993-2011 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

IN RE Kaiser, Raymond C.                                    Case No. _____
_____                              _____
              Debtor(s)                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**RREF SNV Acquisitions, LLC**<br>**C/O Abbott Bushlow & Schechner LLP**<br>**70-11 Fresh Pond Road**<br>**Ridgewood, NY 11385** | X | | Personal guaranty of businesss debt | | X | X | 11,574,017.98 |
| ACCOUNT NO.<br><br>**Jones Walker LLP**<br>**201 South Biscayne Blvd, Suite 2600**<br>**Miami, FL 33131** | | | Assignee or other notification for:<br>RREF SNV Acquisitions, LLC | | | | |
| ACCOUNT NO.<br><br>**Nelson Mullins Riley & Scarsborough LLP**<br>**Attn: Gregory M. Taube, Esq.**<br>**201 17th Street, N.W., Suite 1700**<br>**Atlanta, GA 30363** | | | Assignee or other notification for:<br>RREF SNV Acquisitions, LLC | | | | |
| ACCOUNT NO.<br><br>**Sample Construction, SE, LLC**<br>**C/O King & Yaklin, LLP**<br>**192 Anderson Street, Suite 125**<br>**Marietta, GA 30060** | | | | | X | X | unknown |

___0___ continuation sheets attached

Subtotal (Total of this page) $ 11,574,017.98

Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ 11,574,017.98

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G)(12/07)

IN RE **Kaiser, Raymond C.** _____    Case No. _____
                          Debtor(s)                                                  (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

　　Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Kaiser, Raymond C.**                                                   Case No. _____
_____                                                        _____
                    Debtor(s)                                                                    (If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Kaiser Development Corp.** | **RREF SNV Acquisitions, LLC**<br>**C/O Abbott Bushlow & Schechner LLP**<br>**70-11 Fresh Pond Road**<br>**Ridgewood, NY  11385** |
| **Equestrian Estates 2005 LLC** | **RREF SNV Acquisitions, LLC**<br>**C/O Abbott Bushlow & Schechner LLP**<br>**70-11 Fresh Pond Road**<br>**Ridgewood, NY  11385** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Kaiser, Raymond C.** _____ Case No. _____
                        Debtor(s)                                            (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Divorced** | RELATIONSHIP(S): | | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | _____ | $ _____ |
| 2. Estimated monthly overtime | $ | _____ | $ _____ |
| **3. SUBTOTAL** | $ | **0.00** | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|   a. Payroll taxes and Social Security | $ | _____ | $ _____ |
|   b. Insurance | $ | _____ | $ _____ |
|   c. Union dues | $ | _____ | $ _____ |
|   d. Other (specify) _____ | $ | _____ | $ _____ |
| | $ | _____ | $ _____ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | **0.00** | $ _____ |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | **0.00** | $ _____ |
| | | | |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | _____ | $ _____ |
| 8. Income from real property | $ | **8,469.00** | $ _____ |
| 9. Interest and dividends | $ | _____ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | _____ | $ _____ |
| 11. Social Security or other government assistance | | | |
|   (Specify) **Social Security** _____ | $ | **1,697.00** | $ _____ |
| | $ | _____ | $ _____ |
| 12. Pension or retirement income | $ | _____ | $ _____ |
| 13. Other monthly income | | | |
|   (Specify) _____ | $ | _____ | $ _____ |
| | $ | _____ | $ _____ |
| | $ | _____ | $ _____ |

| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | **10,166.00** | $ _____ |
|---|---|---|---|
| **15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14)** | $ | **10,166.00** | $ _____ |

| **16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ **10,166.00** |
|---|---|

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
None

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kaiser, Raymond C. _____ Case No. _____
                          Debtor(s)                            (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 675.00 |
|    a. Are real estate taxes included?   Yes ___ No ✓ | | |
|    b. Is property insurance included?  Yes ___ No ✓ | | |
| 2. Utilities: | | |
|    a. Electricity and heating fuel | $ | 102.00 |
|    b. Water and sewer | $ | 50.00 |
|    c. Telephone | $ | 120.00 |
|    d. Other  Cable And Internet | $ | 100.00 |
|    _____ | $ | |
| 3. Home maintenance (repairs and upkeep) | $ | 300.00 |
| 4. Food | $ | 400.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 20.00 |
| 7. Medical and dental expenses | $ | 400.00 |
| 8. Transportation (not including car payments) | $ | 150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | |
|    b. Life | $ | 3,130.00 |
|    c. Health | $ | 242.00 |
|    d. Auto | $ | 250.00 |
|    e. Other _____ | $ | |
|    _____ | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) Taxes_____ | $ | 120.00 |
|     | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | |
|    b. Other _____ | $ | |
|    _____ | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | 1,920.00 |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other  Boat Docking And Airplane Tiedown | $ | 250.00 |
|         Condo CAM | $ | 380.00 |
|    _____ | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.

$ 8,709.00

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ | 10,166.00 |
|    b. Average monthly expenses from Line 18 above | $ | 8,709.00 |
|    c. Monthly net income (a. minus b.) | $ | 1,457.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kaiser, Raymond C. _____     Case No. _____
                      Debtor(s)                                                  (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**16** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **May 18, 2015** _____     Signature: */s/ Raymond C. Kaiser* _____
                                                           **Raymond C. Kaiser**                            Debtor

Date: _____     Signature: _____
                                                                  (Joint Debtor, if any)
                                                          [If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer         Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____     _____
Signature of Bankruptcy Petition Preparer                            Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____     Signature: _____

                                               _____
                                               (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## Eastern District of New York

IN RE:                                                    Case No. _____

Kaiser, Raymond C. _____          Chapter 11 _____
Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

## 1. Income from employment or operation of business

None ☑ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 2. Income other than from employment or operation of business

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 67,732.00 | Sarasota Rent (Net of taxes and expenses) |
| 18,910.00 | Ridge Road Mortgage |
| 15,000.00 | Wurtsburo Rent |
| 20,364.00 | Social Security |

## 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None **b. Debtor whose debts are not primarily consumer debts:** List each payment or other transfer to any creditor made within **90 days** immediately
☑ preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than
$5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support
obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married
debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None **c. All debtors:** List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors
☑ who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not
a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this
☐ bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

CAPTION OF SUIT  
AND CASE NUMBER            NATURE OF PROCEEDING        COURT OR AGENCY            STATUS OR
See attached schedule                                   AND LOCATION               DISPOSITION

None b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding
☑ the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to
☑ the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

## 6. Assignments and receiverships

None a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.
☑ (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and joint petition is not filed.)

None b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the
☑ commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual
☑ gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100
per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not
a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the**
☑ **commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not
a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt
☑ consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement
of this case.

## 10. Other transfers

None a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either
☑ absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

© 1993-2011 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                        Chapter 11

RAYMOND C. KAISER,                                            Case No.

                                    Debtor.

-------------------------------------------------------------x

## SCHEDULE OF PENDING LAWSUITS

1.  RREF SNV Acquisitions, LLC v. Kaiser Development Corp. et al.
    Superior Court of Fulton County, State of Georgia
    Index No. 2013-cv-225548

    Attorney for the Plaintiff:
    Nelson Mullins Riley & Scarborough, LLP
    201 17th Street, NW, Suite 1700
    Atlanta, GA 30363

2.  RREF SNV Acquisitions, LLC v. Kaiser Development Corp. et al.
    Supreme Court, County of Queens
    Index No. 24892/2012

    Attorney for the Plaintiff:
    Abbott Bushlow & Schechner, LLP
    70-11 Fresh Pond Road
    Ridgewood, NY 11385

3.  RREF SNV Acquisitions, LLC v. Ray Kaiser and Robert Kaiser
    Sixth Judicial Circuit Court, Pasco County, Florida
    Index No. 2013 CA 2685WS

    Attorney for the Plaintiff:
    Jones Walker LLP
    201 South Biscayne Boulevard, Suite 2600
    Miami, FL 33131

4.    RREF SNV Acquisitions, LLC v. Ray Kaiser et al.
      Supreme Court, County of Queens
      Index No. 13155/2014

      Attorney for the Plaintiff:
      Abbott Bushlow & Schechner, LLP
      70-11 Fresh Pond Road
      Ridgewood, NY 11385

5.    Samples Construction, SE, LLC, Vs. Raymond C. Kaiser
      Superior Court of Cobb County, State of Georgia
      Civil Action File No. 13-1-3444-42

      Attorney for Plaintiff:
      Matthew M. Wilkins, Esq.
      King & Yaklin, LLP
      192 Anderson St, Suite 125
      Marietta, GA 30060

Dated: New York, New York
       May 18, 2015

                            /s/ Raymond C. Kaiser

None b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar
☑ device of which the debtor is a beneficiary.

---

## 11. Closed financial accounts

None List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise
☑ transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 12. Safe deposit boxes

None List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately
☑ preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 13. Setoffs

None List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this
☑ case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 14. Property held for another person

None List all property owned by another person that the debtor holds or controls.
☑

---

## 15. Prior address of debtor

None If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during
☐ that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                              NAME USED                                        DATES OF OCCUPANCY
**8150 Brent Street**
**Unit 741**
**Port Richey, Florida 34668**

**This is my primary residence. I have been living in the Eastern District of New York for the past few months while I receive**
**medical treatment.**

---

## 16. Spouses and Former Spouses

None If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana,
☑ Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or
☑ potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

---

None b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate
☑ the governmental unit to which the notice was sent and the date of the notice.

© 1993-2011 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

None c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor
☑ is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

### 18. Nature, location and name of business

None a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates
☐ of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL- SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Equestrian Estates 2005 LLC | | | Real estate development | |
| Kaiser Development Corporation | | | Real estate development | |

None b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
☑

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the
☑ keeping of books of account and records of the debtor.

---

None b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account
☑ and records, or prepared a financial statement of the debtor.

---

None c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the
☐ debtor. If any of the books of account and records are not available, explain.

NAME AND ADDRESS
**Raymond Kaiser**

---

None d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued
☑ within the **two years** immediately preceding the commencement of the case by the debtor.

---

### 20. Inventories

None a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the
☑ dollar amount and basis of each inventory.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
☑

## 21. Current Partners, Officers, Directors and Shareholders

None a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
☑

None b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls,
☐ or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Raymond Kaiser | | |

## 22. Former partners, officers, directors and shareholders

None a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement
☑ of this case.

None b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately
☑ preceding the commencement of this case.

## 23. Withdrawals from a partnership or distributions by a corporation

None If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form,
☑ bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this
case.

## 24. Tax Consolidation Group

None If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax
☑ purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

## 25. Pension Funds.

None If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer,
☑ has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **May 18, 2015**                Signature  */s/ Raymond C. Kaiser*
                                      of Debtor
                                                                        **Raymond C. Kaiser**

Date: _____            Signature _____
                                      of Joint Debtor
                                      (if any)

                        **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Eastern District of New York**

IN RE:                                                      Case No. _____

Kaiser, Raymond C. _____      Chapter <u>11</u> _____
                        Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date: <u>May 18, 2015</u> _____        <u>*/s/ Raymond C. Kaiser*</u> _____
                                            Debtor


                                            _____
                                            Joint Debtor


                                            <u>*/s/ Kevin J. Nash*</u> _____
                                            Attorney for Debtor

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA   19101-7346


JONES WALKER LLP
201 SOUTH BISCAYNE BLVD SUITE 2600
MIAMI FL   33131


JP MORGAN CHASE BANK
8298 RIDGE ROAD
PORT RICHEY FL   34668


MARILYN KAISER
23 PRINCESS TREE COURT
PORT JEFFERSON NY   11777


METRO MANAGEMENT DEVELOPMENT INC
42-25 21ST STREET
LONG ISLAND CITY NY   11101


NELSON MULLINS RILEY & SCARSBOROUGH LLP
ATTN: GREGORY M TAUBE ESQ
201 17TH STREET NW SUITE 1700
ATLANTA GA   30363


PASCO COUNTY TAX COLLECTOR
PO BOX 276
DADE CITY FL   33526-0276


RREF SNV ACQUISITIONS LLC
C/O ABBOTT BUSHLOW & SCHECHNER LLP
70-11 FRESH POND ROAD
RIDGEWOOD NY   11385

SAMPLE CONSTRUCTION SE LLC
C/O KING & YAKLIN LLP
192 ANDERSON STREET SUITE 125
MARIETTA GA   30060

**United States Bankruptcy Court**
**Eastern District of New York**

IN RE:                                                          Case No. _____

<u>Kaiser, Raymond C.</u>                                                Chapter <u>11</u>
                        Debtor(s)

### STATEMENT PURSUANT TO LOCAL BANKRUPTCY RULE 1073-2(b)

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed " Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within six years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an intere st in property that was or is included in the property of another estate under 11 U.S.C. § 541(a) .]

☒ NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

☐ THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1. Case No.: _____  Judge: _____  District/Division: _____

Case still pending (Y/N): ____ [*If closed*] Date of closing: _____

Current status of related case: _____
                            (Discharged/awaiting discharge, confirmed, dismissed, etc.)

Manner in which cases are related (*Refer to NOTE above*): _____

Real property listed in debtor's Schedule "A" ("Real Property") which was also listed in Schedule "A" of related case:

2. Case No.: _____  Judge: _____  District/Division: _____

Case still pending (Y/N): ____ [*If closed*] Date of closing: _____

Current status of related case: _____
                            (Discharged/awaiting discharge, confirmed, dismissed, etc.)

Manner in which cases are related (*Refer to NOTE above*): _____

Real property listed in debtor's Schedule "A" ("Real Property") which was also listed in Schedule "A" of related case:

## DISCLOSURE OF RELATED CASES (cont'd)

3. Case No.: _____ Judge: _____ District/Division: _____

Case still pending (Y/N): ____ *[If closed]* Date of closing: _____

Current status of related case: _____
<br>(Discharged/awaiting discharge, confirmed, dismissed, etc.)

Manner in which cases are related (*Refer to NOTE above*): _____

Real property listed in debtor's Schedule "A" ("Real Property") which was also listed in Schedule "A" of related case:

NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): Y

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.

| | | |
|---|---|---|
| */s/ Kevin J. Nash* | 5/18/15 | */s/ Raymond C. Kaiser* | 5/18/15 |
| Signature of Debtor's Attorney | | Signature of Pro Se Debtor/Petitioner |

23 Princess Tree Court
<br>Mailing Address of Debtor/Petitioner

Port Jefferson, NY 11777
<br>City, State, Zip Code

_____
<br>Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.